# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 6, 2017

```
* * * * * * * * * * * *
JORGE RODRIGUEZ, legal            *
representative of a minor child, M.R.,  *
                                   *           No. 14-722V
               Petitioner,         *
v.                                 *           Special Master Gowen
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
               Respondent.         *
                                   *
* * * * * * * * * * * *
```

## ORDER

On August 8, 2014, Jorge Rodriguez ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of his minor child, M.R. The petition alleged that the Inactivated Polio, Hepatitis B, MMR, Tdap, and Meningococcal vaccines administered to M.R. on November 2, 2011 in fact caused M.R. to suffer an immediate allergic reaction, hives, rashes, and other deleterious effects. Petition at 1 (ECF No. 1). It also alleged that M.R. suffered a Table injury of anaphylactic shock, and that M.R. experienced a developmental delay as a sequela of that injury. Id. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

Petitioner filed this claim on August 8, 2014. Petition (ECF No. 1). After repeated communication from the undersigned's law clerk and the undersigned's issuance of an Order to Show Cause, petitioner's counsel was admitted to practice before the U.S. Court of Federal Claims on November 6, 2014. The undersigned then held an initial status conference and directed petitioner to file all outstanding medical records and a Statement of Completion by January 5, 2015. Scheduling Order (ECF No. 9). After receiving several extensions of time, petitioner filed his Statement of Completion on April 15, 2015. Statement of Completion (ECF No. 20).

Respondent filed her Rule 4 report recommending against compensation on May 29, 2015. Respondent's Report (ECF No. 21). On June 23, 2015, the undersigned held the Rule 5 status conference and ordered petitioner to file an expert report by August 24, 2015. Scheduling Order (ECF No. 22). He identified the leading case about expert reports in Vaccine Program cases, Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Id. at 1. He also listed the issues that were relevant in this specific case. Id. at 1-2.

Over the next year, petitioner received multiple extensions of time and guidance from the undersigned. ECF Nos. 23-40. On October 10, 2016, petitioner filed a status report indicating that he had secured an expert and paid the expert's requested fee. ECF No. 40. Petitioner's deadline to file the expert report was November 1, 2016. ECF No. 39. After petitioner missed this deadline, on November 15, 2016, the undersigned issued an Order to Show Cause why the case should not be dismissed. ECF No. 41. On December 7, 2016, petitioner filed a response indicating that petitioner and counsel both had difficulty contacting the expert, who was on vacation for most of November 2016. ECF No. 42. The expert had returned from vacation and stated that a preliminary draft of the report would be ready for counsel's review by December 9, 2016. Id. Petitioner requested an extension of time until early January 2017 to file the expert report. Id. The undersigned granted this request and directed petitioner to file the expert report no later than January 16, 2017. Order (ECF No. 43). The undersigned noted that if the report was not filed by that date, he expected to dismiss the case for failure to prosecute.

Petitioner failed to file the expert report by the deadline of January 16, 2017 or otherwise contact the Court. The undersigned's law clerk left several messages for petitioner's counsel, warning him that the case would be dismissed. On February 1, 2017, petitioner filed a motion for further extension of time to file an expert report. ECF No. 44. It indicated that petitioner's expert would provide counsel with a full draft of the report by February 13, 2017. Id. Based on that information, petitioner requested "one final extension of time" until February 28, 2017 to file the report. On February 1, 2017, the undersigned granted the motion and ordered that petitioner file the expert report no later than February 28, 2017. ECF No. 45. He noted that he did "not anticipate granting any further extensions in this matter" and that if "an appropriate expert report is not filed by this deadline, the case will be dismissed for insufficient evidence." Id.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c). See also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute when party failed to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case due to party's failure to respond to discovery requests).

Additionally, to fulfill the Program's severity requirement, a petitioner must show that she: (i) suffered the alleged injury's residual effects or complications for more than six months after the administration of the vaccine; (ii) died from the administration of the vaccine; or (iii) suffered an injury from the vaccine which resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa-11(c)(1)(D). Furthermore, because this is not a Table injury, petitioner has the burden of presenting (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. Althen, 418 F.3d at 1278.

In the present case, petitioner has been aware, for over a year and a half, that an expert report is necessary to proceed in this case. As the undersigned explained in the Rule 5 status conference in August 2015, the medical records do not provide a clear diagnosis of a possible vaccine-related injury. Second, while the record contains evidence of an initial allergic reaction following receipt of the vaccines at issue, there does not appear to be support that this injury persisted for six months, as required under § 300aa-11(c)(1)(D)(iii).

Despite repeated extensions of time and guidance from the undersigned, petitioner has failed to file an expert report addressing these issues. Accordingly, it is clear that petitioner is not entitled to seek compensation under § 300aa-11(c)(1)(D)(i).

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

Any questions about this Order may be directed to my law clerk, Kate Burmeister, at (202) 357-6375 or kate_burmeister@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master